Elliott Williams
#481914 Coffield Unit
2661 Fm 2054
Tennessee Colony, Texas 75884

December 29, 2014

Cathy S. Lusk, Clerk
Twelfth Court of Appeals
1517 West Front Street, Suite 354
Tyler, Texas 75702



FILED IN COURT OF APPEALS
12th Court of Appeals District

JAN 07 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

RE: CASE NUMBER: 12-14-00370-CV
    TRIAL COURT CASE NUMBER: 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

Style: Elliott Williams
       V.
       Texas Department of Criminal Justice

Dear Ms Lusk,

Enclosed for filing in the above case number please find Appellants one original copy of his motion for leave to file late motion for rehearing and one original copy of motion for rehearing. By copy of this letter head a copy was mailed to the defendants. Texas Rules of civil procedure rule 2 waives the number of the required copies. Appellant does not access to a Xerox copier

Sincerely,

Elliott Williams

NO. 12-14-00320-CV

IN THE Court of Appeals
Twelfth Court of Appeals District
Tyler, Texas

FILED IN COURT OF APPEALS
12th Court of Appeals District

JAN 07 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

Elliott Williams
Appellant

V.

Texas Department of
Criminal Justice,
Appellee

Appeal From The 369th
Judicial District Court
Anderson County, Texas

Tr. Ct. No. 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

"Motion for Leave" to file late Motion for Rehearing

To The Honorable Judges of the Appeals Court
Comes Now Elliott Williams TDCJ # 481914 in the Above Caption
And Numbered Style files this his pro-se Motion for leave to
file late Motion for Rehearing And will show the Court the following:

I

Procedural History of Filings, Dismissals, Motion For New Trial, to
Vacate And to Modify Judgment, or in the Alternative Motion For
Rehearing, plaintiffs first Amended original petition Initiating
Judicial Review, Letter to Clerk, memorandum opinion per curiam,
motion for New Trial or in the Alternative For Rehearing, Affidavit
Unsworn Declaration to previous filings, A. Declaration of Inability
To pay cost on Appeal, in mate trust account statement, Appellants motion
For extension of time to file motion For Rehearing And Clerks Letter
Granting Appellants motion For Extension of time to file Motion For
Rehearing.

1. plaintiff's original petition Initiating Judicial Review Filed on July 11,
2014

2. plaintiffs original petition Initiating Judicial Review, order of
Dismissal was signed on July 24, 2014

3. on August 22, 2014 plaintiff forwarded to the District Court for
filing his "plaintiffs' motion for New Trial, to Vacate And to Modify
Judgment or in the Alternative motion for Rehearing, and his
plaintiffs First Amended original petition initiating Judicial
Review." The Clerk Never Notified plaintiff of if the Above instruments
Were in Receipt And file.

1 of

4. On September 22, 2014 plaintiff forwarded a letter to the District Clerk inquiring if her office was in receipt of his motion for new trial, and his plaintiffs First Amended original petition Initiating Judicial Review and what was the disposition in this case. Plaintiff also asked that if the case was dismissed and the motions for new trial and the first Amended original petition Initiating Judicial Review was denied, by letter if the court took no action, I gave notice of appeal.

5. As of September 22, 2014 the clerk for the District court had not placed the motion for new trial, to vacate and to modify Judgment, or in the Alternative motion for Rehearing, nor the First Amended original petition Initiating Judicial Review on the docket for the court to rule on them.

6. All of the clerks Records in the District court was sent to the Appeals court as an official notice of appeal on September 25, 2014

7. On November 5, 2014 the Twelfth court of Appeals in its Memorandum Opinion per Curiam and order dismissed plaintiffs Appeal pursuant to chapter 14 for failing to file an Affidavit or declaration Relating to previous filings, accompanied by a certified copy of his inmate trust Account statement that Reflects the balance of the Account at the time the claim is filed and activity in the Account during the six months preceeding the date on which the claim is filed.

8. On November 26, 2014 Appellant forwarded his motion for new trial or in the Alternative for Rehearing, his Affidavit/unsworn Declaration to previous filings and Declaration of Inability to pay cost with Inmate trust fund Account statement and Docketing statement.

9. On December 1, 2014 the Twelfth court of Appeals clerk notified Appellant his motion for Rehearing has this day been received in Above Referenced case, and that it was untimely pursuant to Tex. R. App. p. 49.1, and that a motion for leave to file late motion for Rehearing must be granted by the court, and forward motion

in compliance with TEX. R. APP-P. 49.8 on or before Friday, December 5, 2014.

10. On December 3, 2014 Appellant forwarded his motion for Extension of time to file motion FOR REHEARING

11. On December 9, 2014 the Clerk of the Twelfth Court of Appeals RECEIVED and filed Appellants motion FOR Extension of Time to file motion for REHEARING

12. On December 10, 2014 the court GRANTED Appellants motion FOR Extension of Time to File motion for REHEARING

13. Appellant Requested for an extension of 21 days to file his motion for Leave to File Late motion FOR REHEARING.

14. Appellant on December 17, 2014 filed his motion for REHEARING without his Inmate Legal Assistant Advice.

15. Appellants Inmate Legal Assistant Request that the court to cause Appellants motion for REHEARING to be set aside and to consider this motion for Leave to file late motion for REhearing As superseding where issues are better presented to the court.

II

Appellants Inmate Legal Assistance Request that the court base His decision upon to GRANT this motion FOR leave to File Late motion FOR REHEARING on the following:

Appellant believes that an ERROR has been made by the court of appeals clerk. The clerks office has carved out from A two motions in one filed with the office covering under three rules of Texas Rules of Appellant procedure Rules 49.1, 329(A)(B)(C)(D)(E), 10.5. Appellants Appeals motion heading is motion FOR NEW TRIAL AND OR FOR REHEARING filed in the appeals court. Under the first part motion FOR NEW TRIAL Appellant had 30 days in which to file in the appeals court on the Dismissal under chapter 14. Under Rule 10.5, where Appellant had 30 days to file motions Relating to Informalities in the Record in the manner of ~~bringing~~ bringing his case into court by correcting a defect in his failure to provide Affidavit/Unsworn Declaration to

3 of

previous filings and his failure to provide a certified copy of his Inmate Trust Fund Account statement is correcting such informalities in the records under Rule 10.5. The filing of Appellants motion for New Trial or in the Alternative for Rehearing was filed on December 1, 2014, is within the 30 days of the courts Memorandum opinion per curiam dismissing Appellants case on November 5, 2014. Even under Texas Rules of Appellate procedure Rule 26.3 one can move to extend the time to perfect if he acts within 15 days after expiration of the deadline. Assuming Appellant had 15 days in which to file his motion for Rehearing from the Appeals court dismissing his case under chapter 14 on November 5, 2014 where November 20, 2014 could have been the deadline, but under Rule 26.3 extended the filing of his motion for Rehearing.

See Kidd v. Paxton 1 S.W. 3d 309, 310 (Tex. App.-Amarillo 1999) [1]

The Supreme Court has held that the reasonable explanation contemplated by the Rules of Appellate procedure need only consist of a plausible statement of circumstances indicating that the the failure to comply with the deadline was neither "deliberate nor intentional", but... [Rather] the Result of inadvertance [sic], mistake, or mischance... Even though counsel or his secretary may appear to have been lacking in that degree of diligence which careful practitioners normally exercise." Garcia v. Kastner Farms, Inc 774 S.W. 2d 668, 670 (Tex. 1989) (quoting Sloan v. Passman, 538 S.W. 2d 1 (Tex. civ. App.-Dallas 1976, No writ)); See Dimotsis v. State, Farm Lloyds, 966 S.W. 2d 657 (Tex. App.- San Antonio 1998, No pet.) (stating the same). In other words, default arising from negligence, as opposed to intentional or deliberate choice, equates a reasonable excuse. Id

The court could impute negligence to the Appellant and not a deliberate or intentional act at fault of default in failing to comply with Rule 49.1 of the Texas Rule of Appellate procedure because it wasn't until the clerk mentioned this Rule in her letter dated December 2, 2014 is when he became acknowledge of such a rule. There is a reason and blame to be. The Texas Department of Criminal Justice have board policy 03.81 Access to courts where prisoners in administrative segregation are allowed only 3 xeroxed copies of legal case citation, Rules, statutory law etc (no actual books and have to know the exact reference code, citation, Rule) delivered by Book mobile on

on alternative days mondays - wednesday's - friday's is violating appellants right of access to courts. see GREEN v. mckaskle, 788 F.2d 1116, 1126 (5th cir 1986) (right of access violated because prisoner in administrative segregation allowed only 2 or 3 books per day with no justification).

Appellants' acts or inactions were not deliberate or intentional in the default. Board policy 03.81 access to courts prevent inmates from knowing the law, Appellant is currently confined in administrative segregation with no assistance from the law library under Bonds v Smith 430 U.S. 817, 821-28 (1977); Lewis v Casey, 518 U.S. 343, 350-51 (1996).

By this, Appellant believes he meets the REASONABLE EXCUSE, citing kidd, GARCIA, sloan, Dimotsis and Board policy 03.81.

## III

## PRAYER FOR RELIEF

WHEREFORE, PREMISES, Appellant request that the court base its ruling in granting his motion for leave to file late motion for rehearing on:

1. whether his TWO MOTIONS IN ONE [SIC] motion FOR NEW TRIAL AND OR FOR REHEARING met in part under NEW TRIAL WAS Timely Filed under Tex. R. App. p. 329(A)(B)(C)(D)(E), 10.5 OR 26.3

2. whether his second part of the two part, motion for rehearing, the deadline was extended after expiration of the 15 days under 26.3

3. whether Board policy 03.81 access to courts prevented him from knowing Tex. R. App. p. 49.1 and the deadline was neither deliberate nor intentional.

Date December 29, 2014
Respectfully submitted
Elliott Williams
#481914 Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884
Elliott Williams

<u>Certificate of Service</u>

I, Elliott Williams TDCJ # 481914 certify that a true and correct copy of his motion for leave to file late motion for rehearing was placed in the prison mailbox first class postage mailing to the defendants:

Hon. Gregory Abbott
Texas Attorney General
209 West 14th Street
P.O. Box 12548
Austin, Texas 78711-2548

6 of 6.